# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80487-WPD

DISH WIRELESS L.L.C.,

Plaintiff,

v.

TOWN OF PALM BEACH SHORES, a
Florid Municipal Corporation,

Defendant.
_______________________________________/

**DECLARATION OF ORLANDO RODRIGUEZ**
**UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746**

I, Orlando Rodriguez, submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. My name is Orlando Rodriguez. I have been employed in the position of Building Department Clerk and Code Enforcement Officer for the Town of Palm Beach Shores ("Town") since December 2019.

2. I have personal knowledge of the matters asserted herein.

3. On or about June 17, 2022, Abby Hammond, a contractor for DISH Wireless ("DISH"), contacted me about its application for a building permit to install antennas at Mayan Towers, specifically permit number 2022-113 ("Permit"). I advised her that the Town Building Official had denied the application for the Permit. I confirmed this conversation in an email dated, June 17, 2022. A true and correct copy of my email of that date is attached hereto as Exhibit "1".

4. I received an email on June 29, 2022, from another DISH representative, Bobbi Jones, requesting information as to the applicable ordinance for the Permit, the permissible height thereunder, and what, if any, revisions could be made to the Permit application for DISH to comply

with the applicable ordinance. Ms. Jones stated in her email that DISH was unable to locate any Town ordinance that applied to commercial cellular tower antennas, finding only Code provisions applying to satellite dishes. Ms. Jones sent a second email requesting the same information on July 12, 2022.

5. I responded to Ms. Jones by email dated July 22, 2022, advising her that the proposed antennas at Mayan Towers would need a special exception which would require both a review by the Town's Development Review Committee ("DRC"), and a hearing before the Town's Planning and Zoning Board. I did not request that Ms. Jones, nor anyone else with DISH, resubmit DISH's Permit application, which had been denied, as a special exception request. In my email, I provided Ms. Jones with the complete language of the applicable Town Code provision. A true and correct copy of my July 22, 2022, email to Ms. Jones is attached hereto as Exhibit "2".

6. Ms. Jones then contacted me on August 16, 2022, and asked me if DISH needed to go through the special exception process for the Permit application, as well as asking how that process worked. I responded to her via email dated August 16, 2022, explaining the special exception process, and providing the DRC packet and schedule of meeting dates. A true and correct copy of my August 16, 2022, email to Ms. Jones is attached hereto as Exhibit "3".

7. Ms. Jones emailed me on August 18, 2022, stating that DISH had additional questions. In her email, Ms. Jones asserted that the Permit application is an eligible facilities request for a minor modification of an existing telecommunications facility, and asked if I could confirm that a hearing would still be required. A true and correct copy of Ms. Jones' August 18, 2022, email to me is attached hereto as Exhibit "4".

8. I responded to Ms. Jones by email and confirmed that the application for antennas at Mayan Towers would have to go through the DRC special exception process. I provided her

with additional information in response to her questions. A true and correct copy of my August 19, 2022, email to Ms. Jones and her response is attached hereto as Exhibit "5.

9. I had no further substantive communications with Ms. Jones, nor with any representative of DISH with regard to its Permit application.

10. I provide this Declaration freely and voluntarily, and without duress, coercion or any promise of benefit or compensation. If called upon to testify at any hearing or trial in this matter, my testimony would be the same as is set forth herein.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed on January 24, 2024.

Orlando Rodriguez

/40162/2#52629362 v1

# Exhibit 1

---------- Forwarded message ---------
From: **Orlando Rodriguez** <orodriguez@pbstownhall.org>
Date: Fri, Jun 17, 2022 at 3:39 PM
Subject: Building Official Comments - 125 S Ocean Ave
To: AHammond@TEPGroup.net <AHammond@tepgroup.net>

Good Afternoon,

As per our conversation, the building permit (2022-113) has been denied by the Building Official on 6/9/22.

His comment was the following: **"Revision received however proposed dish still exceeds allowable height as per ordinance."**

Thank you,

Orlando Rodriguez

Code Enforcement Officer
Building Department Clerk
CRS Coordinator
Grants Coordinator
Floodplain Coordinator

Town of Palm Beach Shores
247 Edwards Lane
Palm Beach Shores, FL 33404
Phone: 561-844-3457
Cell: 772-302-6485

www.townofpalmbeachshores.org

# Exhibit 2

On Fri, Jul 22, 2022 at 3:44 PM Orlando Rodriguez <orodriguez@pbstownhall.org> wrote:

Good Afternoon,

Sorry for the late response, I'm was on vacation.

This permit will need a special exception request which requires a Developmental Review Committee and Planning and Zoning hearing. The installation of telecommunications antennas require Special Exception approved pursuant to the code highlighted below.

**Pf. 8.2. - Permitted uses and special exception uses.**

(a) Permitted uses. Permitted uses in District D shall be only the following:

(1) Any uses listed as "Permitted Uses" in Districts "A", "B" and "C", except for group home facilities which are only permitted in Zoning District "B" and marinas which are permitted as accessory uses for motels or hotels in the "C" Zoning District or as Special Exception Uses in the "C" Zoning District. All setbacks shall meet those minimums specified in this section below for Zoning District "D".

(2) Accessory uses may include uses of a nature customarily incidental and subordinate to the principal use. Such uses may include stores, shops, dining rooms, bars, taverns, assembly rooms for conventions and group uses and lawfully incorporated private clubs with or without bars, when such facilities are for the main and principal purpose of serving residents and guests of the establishment. Facilities of the types listed in the preceding sentence must be an integral part of the principal building and entrances to such facilities shall not open or front upon any public street. Additional accessory uses may also include recreational amenities, facilities or concessions when such facilities are for the main and principal purpose of serving residents and guests of the establishment. Marinas as defined in Pf. 2.34, hereinabove are allowed as accessory uses for motels and hotels in the "C" Zoning District only. No storage, deployment or operation of motorized watercraft shall be permitted in the "D" Zoning District; however, the contracting for the rental of watercraft for offsite use is a permitted accessory use.

(3) Time share dwelling unit and plan as now or hereinafter defined in Definitions at Subsections 718.103(25) and (26) and Subsections 721.05(37), (38) and (39), Florida Statutes.

(b) Special exception uses.

**(1) Telecommunications antennas—See Article IV of Chapter 62 for additional requirements (section 62-64 sets forth height limitations which may be exceeded by a maximum of nine and one-half percent (9.5%) if approved with the special exception).**

(c) [Boarding houses and/or rooming houses.] Boarding houses and/or rooming houses, as defined at Pf. 2.7. are prohibited as a use in this zoning district.

**Sec. 62-64. - Additional requirements.**

All telecommunications antennas located within the Town of Palm Beach Shores are subject to conditions of approval as a special exception use and, additionally shall meet the following requirements:

(1) Maximum height shall not exceed 90 feet above the crown of the road at the nearest public street; such height shall include the height of the structure or building upon which or within which the telecommunications antenna(s) is attached. This height may be exceeded by nine and one-half percent if approved as part of the special exception approval process for a telecommunications antenna.

(2) No telecommunications tower shall be permitted within the Town of Palm Beach Shores.

(3) The structural design and integrity of the telecommunications antennas or the buildings or structures to which they are attached shall comply with the wind loading and resistance requirements for the local wind zone indicated in the adopted Florida Building Code.

(4) The designed electrical equipment and/or wiring shall comply with the adopted National Electrical Code and made part of the Florida Building Code.

(5) All telecommunications antennas shall comply with the requirements of the Federal Aviation Agency and the FCC and shall be approved by these two agencies prior to the issuance of a building permit by the town.

(6) All applications for telecommunications antennas shall submit a site plan for a stealth facility in order to not detract from the community's aesthetic appearance. In any event, a telecommunication antenna shall be concealed or disguised within or upon the structures or buildings serving as the principal or accessory use for the property such that the antenna does not detract from the community's aesthetic appearance

(7) A telecommunication antenna may constitute an accessory use on a lot containing a separate principal use and such use may include occupancy in the building or structure housing such stealth facility or telecommunications antenna. Furthermore, to discourage the proliferation of telecommunications antennas, shared use of a building or structure for the siting of multiple telecommunications antennas by separate providers is both permitted and encouraged. Such shared usage may be accomplished by means of a co-location agreement between the owner of the property and the various providers for the location of their equipment on the building or structure and on the ground around the telecommunications antennas, if such ground location is necessary for its operation. The town shall deny an application if available co-location is feasible and the application does not incorporate co-location provisions.

(8) The location of a telecommunication antenna in any district other than the public "P" district, the "D" district, or the "ROS" district is prohibited.

**Sec. 62-63. - Permit requirements.**

It shall be unlawful for any person to install, either as owner and/or as agent, servant and/or employee of the owner or as an independent contractor or otherwise any *telecommunications* antennas of any kind whatsoever unless and until a permit for such installation has first been obtained from the town building official. The installation permit may only be issued after the town commission, upon recommendation from the Planning and Zoning Board, has approved the site plan for the *telecommunications* antenna which meets all regulations as set forth in section 62-64 hereinbelow. *Telecommunications* antennas are only allowed within the Town of Palm Beach Shores by special exception in the following areas: the area designated as P (public) land use category in the "P" - zoning district; the area designated as MF-42 land use category in the "D" - zoning district; and the area designated as ROS (recreation and open space) land use category in the "ROS" zoning district.

**Pf. 15.5. - Generally.**

The Town Commission shall have the power to grant or deny *special exceptions* as provided for in this section. When an application for *Special Exception* is submitted to the Town, such application shall be submitted to the Planning and Zoning Board for review and recommendation to the Town Commission.

Thank you,

Orlando Rodriguez

Code Enforcement Officer
Building Department Clerk
CRS Coordinator
Grants Coordinator
Floodplain Coordinator

Town of Palm Beach Shores
247 Edwards Lane
Palm Beach Shores, FL 33404
Phone: 561-844-3457
Cell: 772-302-6485

www.townofpalmbeachshores.org

# Exhibit 3

On Tue, Aug 16, 2022 at 11:36 AM Orlando Rodriguez <orodriguez@pbstownhall.org> wrote:

Good Morning,

A special exception requires a Developmental Review Committee hearing.

Enclosed is the DRC packet that will be required for you to fill out and provide all the information included in the checklist.

Also, a $350 deposit is required and there will more developmental fees added once all the required hearings are completed.

The next scheduled meeting will be held on September 7, 2022. The completed packet and deposit will be required by August 26, 2022 the latest, if you would like attend the Sept. 7 hearing date.

If you have any further questions, please contact Jude Groudreau. (**JGroudreau@pbstownhall.org**)

Thank you,

Orlando Rodriguez

Code Enforcement Officer
Building Department Clerk
CRS Coordinator
Grants Coordinator
Floodplain Coordinator

Town of Palm Beach Shores
247 Edwards Lane
Palm Beach Shores, FL 33404
Phone: 561-844-3457
Cell: 772-302-6485

www.townofpalmbeachshores.org

# Exhibit 4

On Thu, Aug 18, 2022 at 2:23 PM Bobbi Jones <bjones@tepgroup.net> wrote:

Hi Orlando/Jude,

We had some additional questions in regards to the special exception application, please see below. Can you please assist me in answering?

- This is an eligible facilities request for a minor modification of an existing telecommunications facility. Can you please confirm whether a zoning hearing is still required if the facility is existing? If not, are there previous special exception applications on file that we may review as an example for ours?

- Is the 9.5% referenced above measured from the road or if it can be measured from the rooftop? Also, since a special exception is required, are you able to confirm what the process will be?

- Where should documents be sent? Will you need hard copies, and if so how many sets? How should fees be paid?

Thank you,

Bobbi Jones
**Project Manager**
|
**Tower Engineering Professionals, Inc.** (www.tepgroup.net)
5906 Breckenridge Parkway, Suite A | Tampa, FL 33610
| Office: (980)
202-5553|Direct: (984)
255-7028| Mobile: (904) 718-1705