# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-80487-WPD

DISH WIRELESS L.L.C.,

Plaintiff,

v.

TOWN OF PALM BEACH SHORES, a
Florid Municipal Corporation,

Defendant.
_______________________________________/

**DECLARATION OF GARY RESNICK**
**UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746**

I, Gary Resnick, submits this declaration pursuant to 28 U.S.C. § 1746 and declares as follows:

1. My name is Gary Resnick, Esq. I am a shareholder of the law firm of GrayRobinson, P.A.

2. I am lead counsel for Defendant, the Town of Palm Beach Shores, (the "Town"), in the case styled *DISH Wireless L.L.C. v. Town of Palm Beach Shores*, Case No. 9:23-cv-80487-WPD, pending in the United State District Court for the Southern District of Florida, (the "Lawsuit").

3. I have personal knowledge of the matters asserted herein. This Declaration is offered in good-faith on behalf of the Town.

4. On December 15, 2023, with leave of Court, Plaintiff DISH Wireless, L.L.C., ("DISH") filed its Motion for Partial Summary Judgement on Counts 1 and 3 of the First Amended

Complaint, (the "Motion"). By Court Order, the Town's response to the Motion is currently due on or before Friday, February 2, 2024.

5. No discovery had yet been conducted at the time the Motion was filed. On December 22, 2023, the Town served a Request for Production of Documents ("RFP"), upon DISH. On Monday, January 22, 2024, DISH served its response and objections to the Town's RFP, along with certain responsive documents.

6. The Town believes that genuine issues of material fact remain, requiring denial of the Motion. The following discovery would be sought by the Town to further establish the existence of genuine issues of material fact if permitted the time to do so before resolution of the Motion.

7. If the Court permits discovery during the pendency of DISH's Motion, the Town would seek the following discovery:

a. Depositions of DISH's representatives given the factual discrepancies between their Declarations and DISH's documents submitted to the Town with its applications, including but not limited to factual issues concerning the heights of Mayan Towers and DISH's proposed antennas, DISH's easement, and screening or concealment of DISH's proposed antennas;

b. Depositions of representatives of Mayan Towers to determine whether modifications to equipment on its roof were properly reviewed and approved by the Town, and whether its lease and relationship with DISH are consistent with the Declaration of Condominium of Mayan Towers Condominium I (DISH's landlord) ;

c. Physical inspection of Mayan Towers roof and existing transmission equipment on the roof of Mayan Towers, as well as inspection of DISH's proposed modifications and construction at Mayan Towers; and

d. Depositions of DISH representatives on written and oral communications with the Town staff that directly bear on completeness, timing and "shot clock" issues regarding DISH's applications.

8. I provide this Declaration freely and voluntarily, and without duress, coercion or any promise of benefit or compensation. If called upon to testify at any hearing or trial in this matter, my testimony would be the same as is set forth herein.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed on February 2, 2024.

Gary Resnick



/40162/2#52731821 v1