UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-cv-80487-DIMITROULEAS/REINHART

DISH WIRELESS LLC,

        Plaintiff,

vs.

TOWN OF PALM BEACH SHORES,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S AMENDED MOTION TO TAX COSTS [ECF Nos. 165, 166]**[1]

Defendant, Town of Palm Beach Shores moves to tax costs following the District Court's entry of a final judgement in Defendant's favor. ECF Nos. 165, 166. The District Court's Final Judgment Order is on appeal, but Defendant's Amended Motion is unopposed. I have reviewed the Amended Motion and the exhibits attached and for the reasons that follow, I recommend Defendant's Motion be granted in part and denied in part.

## I.    LEGAL PRINCIPLES

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control

---

[1] Defendant filed its Amended Motion to Tax Costs at ECF No. 166 and filed its Bill of Costs at ECF No. 165.

over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). At the same time, a district court "retain[s] jurisdiction to consider motions that are collateral to the matters on appeal," such as fees and costs motions. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007).

District courts have discretion to stay consideration of fees and costs during the pendency of an appeal. *See* Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.").

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Such presumption, however, is not without limits and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

28 U.S.C § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides in part,

2

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Witness fees are statutorily mandated by section 1920, but the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821. Section 1821 provides in part,

> [A] witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821(a)(1).

In this case, Defendant is the prevailing party and the time for a response to the Amended Motion to Tax Costs has expired. Nonetheless, the Court has an independent obligation to ensure that the costs awarded are proper under Section 1920. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute.").

## II.   DISCUSSION

First, Plaintiff has not asked to stay the Motion, so I am going to exercise my discretion and review the costs sought. Defendant seeks costs in the amount of $12,767.00. Specifically, the Defendant seeks $260.00 in process server fees for four non-party witnesses, $12,422.00 for deposition transcripts for nine witnesses, and $85.00 in witness travel fees.

1. **Service of Process**

The service of process fees for four non-party witnesses at $65.00 each are taxable costs and should be awarded. 28 U.S.C. § 1920(1).

2. **Transcripts**

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable); *George v. Florida Dept. of Corrections,* 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008).

Courier, postage, exhibits, expedited copies, condensed transcripts, and shipping fees are not taxable costs under Section 1920. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285 (S.D. Fla. 2015); s*ee also George,* 2008 WL 2571348 *report and recommendation adopted in part,* No. 07-cv-80019, 2008 WL 11412061 * 6 (S.D. Fla. July 7, 2008) (finding expedited and condensed transcripts not recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.,* 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges or charges for exhibits). Courts also decline to

4

award costs for extra copies of transcripts where the necessity of the expense is not explained. *See Attea v. Univ. of Miami Miller Sch. of Med.*, No. 12-cv-23933, 2015 WL 5921853, at *5 (S.D. Fla. Aug. 25, 2015) (defendants failed to explain why additional copies of five transcripts were necessary so court reduced transcript costs by one half) report and recommendation adopted, No. 12-cv-23933, 2015 WL 5934607 (S.D. Fla. Sept. 11, 2015). Similarly, "in order for a video deposition to be taxable the prevailing party must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case." *George*, 2008 WL 2571348, at *7.

Here, Defendant seeks $12,422.00 for deposition transcripts of nine witnesses and says the transcripts were used in the case to the prepare for Defendant's Motion for Summary Judgment and for trial. ECF No. 166 at p. 5. Plaintiff does not object. But, the invoices include extra charges for exhibits, processing, delivery, expedited fees, videos, and "smart summaries." Defendant does not explain why those extra charges were necessary. Accordingly, the request for the corresponding amounts to those charges should be denied. Having reviewed the invoices for the transcript charges (ECF No.166-1) and deducting the unnecessary charges, I find that Defendant is entitled to recover a total of $5,607.60 in transcript fees.[2]

---

[2] This sum includes a total of $6,814.40 stricken as unnecessary extra charges for exhibits, exhibits in color, condensed transcripts, transcript processing and handling, "litigation technology support and management," copies, "witness read and sign services," "2 business day expedite," videos, "video media and cloud services," "secure hosting & delivery," "smart summar[ies]," "logistics and processing," "Veritext exhibit package," "Veritext virtual primary participants." *See* ECF No. 166-1 at pp 8–19.

5

3. **Witness Fees**

Finally, Defendant seeks to recover $85.00 in attendance and travel fees within the jurisdiction for a non-party witness who appeared at trial. Defendant says that sum comprises $40 for the applicable statutory witness attendance fee and $45 for calculation of travel milage to appear at trial. ECF No. 166 at p. 3; ECF No. 166-1 at p.5. The attendance and travel fees are permitted under Section 1821 and should be awarded. 28 U.S.C. § 1821(b)

## **REPORT AND RECOMMENDATION**

Based on the foregoing, I RECOMMEND that Defendant's Amended Motion for Costs (ECF Nos. 165, 166) be GRANTED IN PART AND DENIED IN PART in that Defendant be awarded costs as follows:

| | |
|---|---|
| Service of Process: | $260.00 |
| Transcripts: | $5,607.60 |
| <u>Witness Fees:</u> | <u>$85.00</u> |
| Total: | $5,952.60 |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 5th day of March 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE